Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Decision and Order of the Chief Deputy Commissioner and enters the following Decision and Order.
 *********** ISSUE
The issue to be determined is whether the statutory limit on damages under the North Carolina Childhood Vaccine-Related Injury Compensation Program should be adjusted for inflation?
 *********** *Page 2 
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 29, 2005, the Full Commission filed a Decision and Order concluding that Plaintiffs are entitled to compensation under the North Carolina Childhood Vaccine-Related Injury Compensation Program.
2. Defendant appealed the Decision and Order of the Full Commission to the North Carolina Court of Appeals.
3. On March 20, 2007, the North Carolina Court of Appeals dismissed Defendant's appeal of the Full Commission's August 29, 2005 Decision and Order as interlocutory.
4. On April 11, 2007, the Full Commission remanded this matter to then Chief Deputy Commissioner Stephen T. Gheen for assignment to a Deputy Commissioner for the taking of additional evidence or further hearing, if necessary, and the entry of a Decision and Order with findings regarding the compensatory damages that Plaintiffs are entitled to recover.
5. On May 12, 2008, the parties appeared before now Chief Deputy Commissioner Wanda Blanche Taylor for a hearing to determine the amount of damages to be awarded to Plaintiffs in this matter.
6. Pursuant to § 130A-427(b) of the North Carolina General Statutes, "the money compensation component of the award may not be made pursuant to this section in excess of an aggregate amount of the present day value amount of three hundred thousand dollars ($300,000) with respect to all injuries claimed to have resulted from the administration of a covered vaccine to a single individual." *Page 3 
7. Prior to this matter being remanded for an award on damages, the parties stipulated that the damages sustained by Plaintiff Hayden L. Goetz in lost income, loss of future earnings, and pain and suffering exceeded the statutory amount of damages allowed, which the parties acknowledged to be $300,000.00. Thus, an award of the statutory maximum of $300,000.00 in damages would be appropriate upon a finding that Plaintiff Hayden L. Goetz suffered a vaccine-related injury.
8. The Full Commission incorporated the parties' stipulation regarding the statutory maximum of $300,000.00 as a finding of fact and conclusion of law in both its December 15, 2003 Decision and Order and in its August 29, 2005 Decision and Order. The North Carolina Court of Appeals further referred to this statutory limitation on damages in its March 20, 2007 opinion dismissing Defendant's appeal as interlocutory.
9. On April 24, 2008, Plaintiffs filed a Motion for Summary Judgment in which they asserted that the statutory maximum of $300,000.00 increased due to inflation since the enactment of the statute. In support of their assertion, Plaintiffs provided the Affidavit and report of David L. Baumer, Ph.D., J.D.
10. On May 5, 2008, Defendant filed its Response to Plaintiff's Motion for Summary Judgment, asserting that in addition to the parties' stipulation regarding the amount of damages, there is no indication that the legislature intended for the statutory maximum of $300,000.00 to be adjusted upward for inflation. In support of this contention, Defendant provided the Affidavit and report of Frank A. Buckless, Ph.D.
11. At the May 12, 2008 hearing, now Chief Deputy Commissioner Wanda Blanche Taylor accepted the Affidavits and reports of the parties' respective experts in lieu of live testimony. *Page 4 
12. In addition to its expert's Affidavit and report, Defendant submitted evidence to show that since the enactment of the North Carolina Childhood Vaccine-Related Injury Compensation Program in 1986, the North Carolina Industrial Commission has yet to award damages in excess of the $300,000.00 cap for a vaccine-related injury.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the North Carolina Childhood Vaccine-Related Injury Compensation Program, the State of North Carolina will compensate a claimant who sustains a vaccine-related injury for actual and projected medical care, loss of earnings, and pain and suffering.
2. Pursuant to § 130A-427(b) of the North Carolina General Statutes, "the money compensation component of the award may not be made pursuant to this section in excess of an aggregate amount of the present day value amount of three hundred thousand dollars ($300,000) with respect to all injuries claimed to have resulted from the administration of a covered vaccine to a single individual."
3. Prior to the original hearing, the parties stipulated in their Pre-trial Order that the damages sustained by Plaintiff Hayden L. Goetz in lost income, loss of future earnings, and pain and suffering exceeded the statutory amount of damages allowed, which the parties acknowledged to be $300,000.00.
4. The maximum amount of monetary compensation allowed by the North Carolina Childhood Vaccine-Related Injury Compensation Program for Plaintiff Hayden L. Goetz's losses is $300,000.00. N.C. Gen. Stat. § 130A-427(b) (2008).
 *********** *Page 5 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 ORDER
1. Plaintiffs' Motion for Summary Judgment is hereby DENIED.
2. Based upon the Full Commission's previous finding and conclusion that Plaintiff Hayden L. Goetz suffered a vaccine-related injury, Plaintiffs are entitled to compensatory damages in the amount of $300,000.00.
3. Defendant shall pay the costs.
This the ___ day of April 2009.
S/_______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________________ PAMELA T. YOUNG CHAIR
 S/_______________________ STACI T. MEYER COMMISSIONER *Page 1